UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE MEYERS, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT J. CARTER, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-161-JD-MGG |

ORDER

Plaintiff Joe Meyers is incarcerated at the Indiana State Prison ("ISP"). He filed a complaint seeking injunctive relief regarding the exercise of his Muslim faith. "A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Meyers is incarcerated, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

In his complaint, Mr. Meyers alleges that ISP is substantially burdening his religious exercise in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000 et. seq; and discriminating against him in violation of the Equal Protection Clause of the Fourteenth Amendment. He is suing in their official capacities: Robert J. Carter, Commissioner of

Indiana Department of Correction; Ron Neal, the ISP Warden; David Libel, Religious Director at ISP; and Terry Harmon and Aleem Ishmael, both of whom are ISP chaplains. A suit in the official capacity is a suit against the state entity the person represents, here, the Indiana Department of Correction. Therefore, it serves no purpose to sue five separate defendants in their official capacities for injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.") (citation omitted). Accordingly, all defendants sued in their official capacity except Warden Ron Neal , will be dismissed.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities

from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Though money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Mr. Meyers has stated a claim for injunctive relief under both the First Amendment and RLUIPA by alleging that ISP has substantially burdened his religious exercise. He states that he is denied the halal diet mandatory for his faith while Jewish prisoners are served a special diet in observance of their faith. He next claims that Muslims are not allowed to hold weekly Talim—Islamic education classes—while the prison allows weekly meetings to other religious and secular groups. Furthermore, according to Mr. Meyers, he's not allowed to get or use oils necessary for his religious observance. In addition, while the prison allows Christian holiday celebrations and serves special meals to commemorate them, no such celebrations are allowed for the Muslims. Mr. Meyers also alleges that the prison changed the weekly Friday service time for Muslims, effectively invalidating them because they fall outside of the allowable worship timeframe. Likewise, if a prisoner misses a single weekly Muslim service, he's not allowed to participate in the subsequent ones, even though such

participation is obligatory. Finally, Mr. Meyers states that holding Muslim services in a chapel adorned with Christian symbols and also used for sacrifices by Wiccans and Native Americans is unacceptable for Islamic prayers. Each of these allegations state a claim for injunctive relief.

In addition to the First Amendment and RLUIPA claims, Mr. Meyers has stated an equal protection claim under the Fourteenth Amendment. "Prisoners do not surrender their rights to equal protection at the prison gate. Unequal treatment among inmates, however, is justified if it bears a rational relation to legitimate penal interest." *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988). At this juncture, the Court considers Mr. Meyers's complaint from a viewpoint where all inferences are drawn in his favor, and, as presented, the complaint suggests discriminatory treatment of Muslims at ISP in relation to other religious and secular groups.

For these reasons, the Court:

(1) GRANTS Joe Meyers leave to proceed on a claim for injunctive relief against Warden Ron Neal, in his official capacity, for allegedly violating his rights under the First Amendment and RLUIPA by:

      a. denying him halal diet;

      b. forbidding celebration of Muslim holidays;

      c. denying weekly Talim;

      d. denying oils necessary for his religious observance;

      e. rendering null Friday Muslim services by scheduling them outside the time window required by Muslim religion;

      f. prohibiting prisoners to attend Muslim services if they miss a single service; and

      g. requiring that Muslim services be celebrated in a chapel used by the adherents of other religions.

(2) GRANTS Joe Meyers leave to proceed on a claim for injunctive relief against Warden Ron Neal, in his official capacity, for allegedly violating the Equal Protection Clause of the Fourteenth Amendment by:

      a. denying halal diet;

      b. forbidding celebration of Muslim holidays; and

      c. denying weekly Talim;

(3) DISMISSES defendants David Liebel, Robert J. Carter, Terry Harmon, and Aleem Ishmael;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Warden Ron Neal, in his official capacity, with a copy of this order and the amended complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal, in his official capacity, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Joe Meyers has been granted leave to proceed in this screening order.

SO ORDERED on July 13, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT
