UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOE MEYERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-161-JD-MGG |
| RON NEAL, | |
| Defendant. | |

OPINION AND ORDER

Joe Meyers, a prisoner without a lawyer, was granted leave to proceed against Warden Ron Neal on several claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Equal Protection Clause of the Fourteenth Amendment, related to the practice of his Muslim faith at Indiana State Prison. ECF 8. The court later dismissed all the claims but one for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act. ECF 25. What remains is "a claim for injunctive relief against Warden Ron Neal, in his official capacity, for allegedly violating his rights under the First Amendment and [Religious Land Use and Institutionalized Persons Act ("RLUIPA")] by . . . prohibiting prisoners to attend Muslim services if they miss a single service[.]" ECF 8 at 4-5; ECF 25 at 8. On December 28, 2021, Warden Neal filed a motion for summary judgment. ECF 31. With the motion, Warden Neal provided Meyers the notice required by N.D. Ind. L.R. 56-1(f). ECF 34. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed over a month ago, but Meyers has not responded. Therefore the court will now rule on Warden Neal's motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Warden Neal attests to the following facts, which the court accepts as undisputed.[1] ISP holds weekly Islamic prayer services for offenders who are authorized to attend them. ECF 32-1 at 4. Because an offender must leave his housing unit to attend a religious program, facility staff tracks program attendance closely to ensure all offenders are accounted for. *Id.* In order to do this, ISP takes attendance at each religious service and cross-checks the attendance list with the religious denomination's count letter, which is a list of offenders authorized to be present at the religious service. *Id.* If an offender has an unexcused absence from a religious service, he will be removed from the count letter for sixty days and must re-apply to attend worship services. *Id.* at 4-5. ISP enacted this policy in response to an issue with offenders leaving their housing unit to attend a religious service and failing to show up for the service, which left offenders unaccounted for and threatened the safety and security of the facility. *Id.* at 5-6.

On or about October 19, 2018, Meyers was erroneously removed from the Islamic count letter after he was accidentally marked as absent from an Islamic religious service. ECF 32-1 at 6. The facility's chaplain "immediately" reinstated Meyers to the Islamic count letter "prior to the end of service" after she saw him during the service and was able to verify his attendance and correct the error. *Id.* Meyers is currently listed on the Islamic count letter and regularly attends religious services. *Id.* Neither Warden

---

[1] Because Meyers did not respond to Warden Neal's summary judgment motion, the Court may accept the facts alleged in Warden Neal's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .")

Neal nor his staff permanently prohibits any offender from attending religious programs for an offender's failure to attend a single service. *Id.* at 7.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). The RLUIPA affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015).

Warden Neal argues he is entitled to summary judgment because there is no evidence he imposed a substantial burden on Meyers' religious exercise. ECF 32 at 9-13. Here, it is undisputed Meyers was removed from the Islamic count letter by mistake and was "immediately reinstated" to the Islamic count letter "prior to the end of service" once the mistake was realized. Moreover, it is undisputed Meyers is currently listed on the Islamic count letter and able to regularly attend religious services. There is no evidence Meyers missed a single religious service due to his removal from the Islamic count letter. Thus, Meyers has offered no evidence by which a reasonable jury

4

could conclude his brief removal from the Islamic count letter imposed a substantial burden on his religious exercise. Accordingly, Meyers is not entitled to injunctive relief under either the First Amendment or RLUIPA. Summary judgment is warranted in favor of Warden Neal.

For these reasons, the court:

(1) GRANTS Warden Neal's motion for summary judgment (ECF 31); and

(2) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Joe Meyers.

SO ORDERED on February 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT